ORIGINAL

J. STEPHEN STREET 1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii 96821
Telephone No.: (808) 754-1647
Facsimile No.: (888) 334-6499
E-mail: jsstreet@ip-law-hawaii.com

DANE ANDERSON 9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii 96806
Telephone No.: (808) 285-4760
E-mail: dane@andersonlawhawaii.com

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG 28 2013
at 1 o'clock and 10 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>Plaintiffs,<br><br>vs.<br><br>CASTLE RESORTS & HOTELS, INC., a Hawaii Corporation, dba CASTLE RESORTS & HOTELS, HILO HAWAIIAN HOTEL, KAHA LANI RESORT, KIAHUNA PLANTATION & THE BEACH BUNGALOWS, POIPU SHORES and/or POIPU SHORES RESORT, WAIKIKI SHORE and/or WAIKIKI SHORE BEACHFRONT CONDOMINIUMS, and HOKELE | CIVIL NO. CV13 00432 KSC<br>(Copyright Infringement)<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS; EXHIBITS "A"-"E"; SUMMONS |

SUITES WAIKIKI; JOHN DOES 1-10; )
JANE DOES 1-10; DOE )
CORPORATIONS 1-10; DOE )
PARTNERSHIPS 1-10; and DOE )
ASSOCIATIONS 1-10, )
)
Defendants. )
________________________________ )

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW, Plaintiffs VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, by their attorneys, J. Stephen Street, Attorney at Law and Dane Anderson, Attorney at Law, LLLC, and for their complaint alleges as follows:

## PARTIES

1. Plaintiff VINCENT KHOURY TYLOR is a resident of the State of Hawaii.

2. Plaintiff VINCENT SCOTT TYLOR is a resident of the State of Hawaii.

3. Upon information and belief, Defendant CASTLE RESORTS & HOTELS, INC. (hereinafter referred to as "Defendant") is a for-profit corporation registered in the State of Hawaii with its principal place of business in Honolulu, Hawaii, and is doing business as CASTLE RESORTS & HOTELS; HILO HAWAIIAN HOTEL; KAHA LANI RESORT; KIAHUNA PLANTATION & THE

BEACH BUNGALOWS; POIPU SHORES and/or POIPU SHORES RESORT; WAIKIKI SHORE and/or WAIKIKI SHORE BEACHFRONT CONDOMINIUMS; and, HOKELE SUITES WAIKIKI.

4. JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named herein under fictitious names for the reason that, after investigation of the facts of this action, Defendant's true names and identities are presently unknown to Plaintiffs, except, upon information and belief, that they are connected in some manner with the named Defendant and/or were the agents, servants, employees, employers, representatives, co-venturers, associates, successors or assignees of the named Defendant who may be under a duty, contractually or otherwise, to pay Plaintiffs compensation for loss incurred by the actions or omissions of the named Defendant and/or were in some manner related to the named Defendant and that their "true names, identities, capacity, activities and/or responsibilities" are presently unknown to Plaintiffs or their attorneys. To ascertain the full names and identities of JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel have investigated the facts alleged herein through inter alia, interview of Plaintiffs and inspection of the records in this matter. When the true names and capacities are

ascertained, through appropriate discovery, Plaintiffs shall move to amend this action to state the true names.

## JURISDICTION AND VENUE

5. This is an action for preliminary and permanent injunctive relief and damages arising from Defendant's copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et. seq. and the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

8. Upon information and belief, Defendant is doing business in the State of Hawaii as a hotel management company and operates and/or owns hotel properties in various locations within the State of Hawaii.

9. Upon information and belief, Defendant is doing business under the following trade names for hotel properties operated and/or owned by Defendant in the State of Hawaii: HILO HAWAIIAN HOTEL; KAHA LANI RESORT; KIAHUNA PLANTATION & THE BEACH BUNGALOWS; POIPU SHORES

and/or POIPU SHORES RESORT; WAIKIKI SHORE and/or WAIKIKI SHORE BEACHFRONT CONDOMINIUMS; and, HOKELE SUITES WAIKIKI.

10. Upon information and belief, Defendant manages and controls all aspects of the sales and marketing for each of the hotel properties operated and/or owned by Defendant listed in paragraph 9. As part of the sales and marketing, Defendant manages and controls a commercial webpage on Facebook.com, at http://www.facebook.com/CastleResortsAndHotels, to advertise and promote its business and hotel properties listed in paragraph 9 and to encourage users of its Facebook.com webpage to navigate to its commercial website, www.castleresorts.com, or click on a provided hyperlink to be directly routed to its commercial website, to complete online reservations, purchase vacation packages, book activities, or view information on Defendant's hotel properties.

11. Upon information and belief, as part of the sales and marketing, Defendant manages and controls commercial web pages on Facebook.com, which have been visited by thousands of Facebook.com users to date, to advertise and promote each of the hotel properties listed in paragraph 9, individually, as follows:

HILO HAWAIIAN HOTEL:
http://www.facebook.com/HiloHawaiianHotel

KAHA LANI RESORT:
http://www.facebook.com/pages/Kaha-Lani-Resort/101847746576618?fref=ts

KIAHUNA PLANTATION & THE BEACH BUNGALOWS:

http://www.facebook.com/KiahunaPlantation?fref=ts

POIPU SHORES and/or POIPU SHORES RESORT:
https://www.facebook.com/PoipuShores

WAIKIKI SHORE and/or WAIKIKI SHORE BEACHFRONT CONDOMINIUMS:
https://www.facebook.com/WaikikiShore

HOKELE SUITES WAIKIKI:
https://www.facebook.com/pages/Hokele-Suites-Waikiki/235223916493225

Each of Defendant's Facebook.com commercial web pages for the hotel properties listed above is designed to advertise Defendant's business and encourage users to navigate to Defendant's commercial website, www.castleresorts.com, or click on a provided hyperlink to be directly routed to its commercial website, to complete online reservations, purchase vacation packages, book activities, or view information on Defendant's hotel properties.

12. The photographic works at issue in this case are original works entitled to copyright protection pursuant to the copyright laws of the United States, and the photographic works at issue are duly registered with the United States Copyright Office.

13. Eleven (11) of the photographic works, image nos.: "A-12-B LaniKai-girl"; "A-14 Tropical Lagoon"; "A-15 Secluded Falls"; "B-02 Punaluu Black Sand Beach"; "B-07 Akaka Falls Hor"; "K-20 Waimea Canyon"; "O-06 Hanauma Bay Wide"; "O-08 Waikiki from Top of DiamondHead"; "O-23 Waikiki Dusk"; "S-02 Fire at Shipwrecks"; and, "S-05 Dusk over Kong Mountain" at issue

in this case were created by photographer Plaintiff VINCENT KHOURY TYLOR, who is the owner of the copyrights for those photographic works.

14. The copyrights for Plaintiff VINCENT KHOURY TYLOR's photographic works at issue were registered with the United States Copyright Office as 1) VA 1-696-555, effective December 17, 2009, and supplemented by VA 1-432-741; and, 2) VA 1-696-552, effective December 17, 2009, and supplemented by VA 1-432-820. Plaintiff VINCENT KHOURY TYLOR has exclusive rights and privileges in those photographic works under the United States Copyright Act. True and correct copies of the Certificates of Registrations which relates to each of Plaintiff VINCENT KHOURY TYLOR's eleven (11) photographic works at issue are attached hereto as Exhibit "A."

15. One (1) photographic work, image no. "Northwest Maui 06" at issue in this case was created by photographer Plaintiff VINCENT SCOTT TYLOR, who is the owner of the copyright for that photographic work.

16. The copyright for Plaintiff VINCENT SCOTT TYLOR's photographic work at issue was registered with the United States Copyright Office as VA 1-761-524, effective February 8, 2011. Plaintiff VINCENT SCOTT TYLOR has exclusive rights and privileges in that photographic work under the United States Copyright Act. A true and correct copy of the Certificate of Registration which

relates to Plaintiff VINCENT SCOTT TYLOR's photographic work at issue is attached hereto as Exhibit "B."

17. None of the photographic works at issue was a "work for hire."

18. Plaintiffs incurred substantial time and expense in creating the photographic works at issue, and Plaintiffs license the photographic works at issue for commercial and other uses.

19. In early 2013, Plaintiff VINCENT KHOURY TYLOR learned that Defendant used ten (10) of Plaintiff VINCENT KHOURY TYLOR's photographic works on their commercial Facebook.com web pages, a total of at least thirty-three (33) times, in high-resolution, as follows:

Image "**A-12-B LaniKai-girl**" was used at least three (3) times at:

*Page URLs:*
https://www.facebook.com/pages/Hokele-Suites-Waikiki/235223916493225
https://www.facebook.com/pages/Hokele-Suites-Waikiki/235223916493225
?id=235223916493225&sk=photos_stream
http://www.facebook.com/photo.php?fbid=579722468713681&set=a.17658
7909027141.39783.175658055786793&type=1&theater
*Image URL:*
https://sphotos-a.xx.fbcdn.net/hphotos-snc7/2960_86928574168_4259940_n.jpg
(604 x 453 pixels)

Image "**A-14 Tropical Lagoon**" was used at least three (3) times at:

*Page URLs:*
http://www.facebook.com/CastleResortsAndHotels
http://www.facebook.com/CastleResortsAndHotels/photos_stream
http://www.facebook.com/photo.php?fbid=579722468713681&set=a.17658
7909027141.39783.175658055786793&type=1&theater
*Image URL:*

http://sphotos-a.xx.fbcdn.net/hphotosash3/72641_579722468713
681_2136432747_n.jpg (600 x 600 pixels)

Image "**A-15 Secluded Falls**" was used at least three (3) times at:

*Page URLs:*
http://www.facebook.com/KiahunaPlantation?fref=ts
http://www.facebook.com/KiahunaPlantation/photos_stream
http://www.facebook.com/photo.php?fbid=506321399427382&set=pb.1457
74672148725.-2207520000.1365389885&type=3&theater
*Image URL:*
http://sphotos-b.xx.fbcdn.net/hphotos-ash3/578266_50632
1399427382_2122931202_n.jpg (960 x 720 pixels)

Image "**B-02 Punaluu Black Sand Beach**" was used at least three (3) times at:

*Page URLs:*
http://www.facebook.com/CastleResortsAndHotels
http://www.facebook.com/CastleResortsAndHotels/photos_stream
https://www.facebook.com/photo.php?fbid=187905294562069&set=a.1765
87909027141.39783.175658055786793&type=3&theater
*Image URL:*
https://sphotos-a.xx.fbcdn.net/hphotos-ash3/179599_18790529
4562069_5047357_n.jpg (embedded within an advertisement)

Image "**B-07 Akaka Falls Hor**" was used at least six (6) times at:

*Page URLs:*
http://www.facebook.com/CastleResortsAndHotels
http://www.facebook.com/CastleResortsAndHotels/photos_stream
https://www.facebook.com/photo.php?fbid=187905294562069&set=a.1765
87909027141.39783.175658055786793&type=3&theater
http://www.facebook.com/HiloHawaiianHotel
http://www.facebook.com/HiloHawaiianHotel/photos_stream
https://www.facebook.com/photo.php?fbid=196209907057915&set=a.1959
32040419035.49469.175792412432998&type=1&theater
*Image URLs:*
https://sphotos-a.xx.fbcdn.net/hphotos-ash3/179599_18790529
4562069_5047357_n.jpg (embedded within an advertisement)
https://sphotos-b.xx.fbcdn.net/hphotos-ash3/180231_1962099

07057915_1690481_n.jpg (720 x 540 pixels)

Image **"K-20 Waimea Canyon"** was used at least three (3) times at:

*Page URLs:*
http://www.facebook.com/pages/Kaha-Lani-Resort/101847746576618?fref=ts
http://www.facebook.com/pages/Kaha-Lani-Resort/101847746576618?id=101847746576618&sk=photos_stream
http://www.facebook.com/photo.php?fbid=429013973859992&set=a.113768472051212.21790.101847746576618&type=1&theater
*Image URL:*
http://sphotos-b.xx.fbcdn.net/hphotos-ash4/207468_429013973859992_924021331_n.jpg (960 x 720 pixels)

Image "**O-06 Hanauma Bay Wide**" was used at least three (3) times at:

*Page URLs:*
https://www.facebook.com/pages/Hokele-Suites-Waikiki/235223916493225
https://www.facebook.com/pages/Hokele-Suites-Waikiki/235223916493225?id=235223916493225&sk=photos_stream
https://www.facebook.com/photo.php?fbid=635566709792275&set=a.250463074969309.82367.235223916493225&type=1&theater
*Image URLs:*
https://sphotos-b.xx.fbcdn.net/hphotos-ash3/p480x480/17187_635566709792275_2014783663_n.jpg (640 x 480 pixels)
https://sphotos-b.xx.fbcdn.net/hphotos-ash3/17187_635566709792275_2014783663_n.jpg (960 x 720 pixels)

Image **"O-23 Waikiki Dusk"** was used at least three (3) times at:

*Page URLs:*
https://www.facebook.com/WaikikiShore
https://www.facebook.com/WaikikiShore/photos_stream
https://www.facebook.com/photo.php?fbid=628282210521509&set=a.232140550135679.83730.200195083330226&type=1&theater
*Image URL:*
https://sphotos-b.xx.fbcdn.net/hphotos-ash4/481082_628282210521509_399703520_n.jpg (960 x 720 pixels)

Image "**S-02 Fire at Shipwrecks**" was used at least three (3) times at:

*Page URLs:*
https://www.facebook.com/PoipuShores
https://www.facebook.com/PoipuShores/photos_stream
https://www.facebook.com/photo.php?fbid=253586471338093&set=a.25358643800 4763.77258.203646626332078&type=1&theater
*Image URL:*
https://sphotos-b.xx.fbcdn.net/hphotos-snc6/215129_2535864713380 93_584525_n.jpg (720 x 540 pixels)

Image "**S-05 Dusk over Kong Mountain**" was used at least three (3) times at:

*Page URLs:*
http://www.facebook.com/CastleResortsAndHotels
http://www.facebook.com/CastleResortsAndHotels/photos_stream
http://www.facebook.com/photo.php?fbid=579722468713681&set=a.1765879090 27141.39783.175658055786793&type=1&theater
*Image URL:*
http://sphotos-a.xx.fbcdn.net/hphotos-ash3/72641_57972246871368 1_2136432747_n.jpg (embedded within an advertisement)

Some of these photographic works were used for up to approximately two (2) years, and all were used without obtaining license or consent from Plaintiff VINCENT KHOURY TYLOR; thus violating Plaintiff VINCENT KHOURY TYLOR's exclusive right to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 100 et al. A true and correct copy of each photographic work at issue registered by Plaintiff VINCENT KHOURY TYLOR, used by Defendant without permission, along with the respective true and correct copy of the screenshot of Defendant's infringing use of each photographic work at issue is attached hereto as Exhibit "C".

20. In early 2013, Plaintiff VINCENT SCOTT TYLOR learned that Defendant used Plaintiff VINCENT SCOTT TYLOR's photographic work at issue, in high resolution, as follows:

Image "**Northwest Maui 06**" was used at least three (3) times at:

*Page URLs:*
http://www.facebook.com/CastleResortsAndHotels
http://www.facebook.com/CastleResortsAndHotels/photos_stream
https://www.facebook.com/photo.php?fbid=568263213192940&set=a.176587909027141.39783.175658055786793&type=1&theater
*Image URL:*
https://sphotos-a.xx.fbcdn.net/hphotosash3/226518_568263213192940_794371597_n.jpg (960 x 720 pixels)

This photographic work was used without obtaining license or consent from Plaintiff VINCENT SCOTT TYLOR and thus violating Plaintiff VINCENT SCOTT TYLOR's exclusive right to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 100 et al. A true and correct copy of this photographic work at issue registered by Plaintiff VINCENT SCOTT TYLOR, used by Defendant without permission, along with the respective true and correct copy of the screenshot of Defendant's infringing use of that photographic work at is attached hereto as Exhibit "D".

21. Starting on or about April 8, 2013, Plaintiffs attempted to resolve with Defendant the ongoing use of the photographic works in violation of Plaintiffs' copyright, requesting that Defendants pay a retroactive licensing fee for the photographic works used on Defendant's commercial Facebook.com web pages (as

described in paragraphs 19 through 20) and that Defendant cease and desist from using any of Plaintiffs' copyrighted works.

22. Despite notice of the infringements and Plaintiffs' request to cease and desist in April of 2013, Defendant continues to use Plaintiff VINCENT KHOURY TYLOR's **"B-07 Akaka Falls Hor"** in the same, said manner, constituting willful infringement, as follows:

Image "**B-07 Akaka Falls Hor**" is still being used at least three (3) times at:

*Page URLs:*
http://www.facebook.com/HiloHawaiianHotel
http://www.facebook.com/HiloHawaiianHotel/photos_stream
https://www.facebook.com/photo.php?fbid=196209907057915&set=a.1959
32040419035.49469.175792412432998&type=1&theater
*Image URLs:*
https://sphotos-b-lax.xx.fbcdn.net/hphotos-ash3/180231_1962099
07057915_1690481_n.jpg (720 x 540 pixels)

A true and correct copy of "B-07 Akaka Falls Hor" registered by Plaintiff VINCENT KHOURY TYLOR, willfully used by Defendant without permission, along with the respective true and correct copy of the screenshot of Defendant's willful infringing use of this photographic work is shown in Exhibit "C".

23. In addition, despite Plaintiff VINCENT KHOURY TYLOR's notice of infringement and request to cease and desist (as described in paragraph 21), upon information or belief, Plaintiff VINCENT KHOURY TYLOR learned in August of 2013, that Defendant continues to willfully infringe by using **"B-07 Akaka Falls Hor"** and **"O-06 Hanauma Bay Wide"** as images embedded in print

brochures to advertise or promote Defendant's hotel properties and brand, uses that began in 2011. These brochures are available for download in PDF form from Defendant's commercial website and total at least six (6) additional, willful infringements as follows:

Image "**B-07 Akaka Falls Hor**" is still being used at least three (3) times in viewable and downloadable PDF brochures at the following Page URLs:

http://www.castleresorts.com/files/Castle2012_Allprop_MarUpdate.pdf
http://www.castleresorts.com/files/Castle2012_HAWAII_FS_MarUpdate.pdf
http://www.castleresorts.com/files/Castle2012_BIGISLAND_FS_MarUpdate.pdf

Image "**O-06 Hanauma Bay Wide**" is still being used at least three (3) times in viewable and downloadable PDF brochures at the following Page URLs:

http://www.castleresorts.com/files/Castle2012_Allprop_MarUpdate.pdf
http://www.castleresorts.com/files/Castle2012_HAWAII_FS_MarUpdate.pdf
http://www.castleresorts.com/files/Castle2012_OAHU_FS.pdf

These photographic works are being used willfully, and have been used since 2011, without obtaining license or consent from Plaintiff VINCENT KHOURY TYLOR; thus violating his exclusive right to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 100 et al. A true and correct copy of "B-07 Akaka Falls Hor" and "O-06 Hanauma Bay Wide" registered by Plaintiff VINCENT KHOURY TYLOR, used by Defendant willfully without permission, along with the respective true and correct copy of the screenshot of Defendant's willful infringement of these photographic works at issue on Defendant's

commercial website in downloadable PDF brochures are attached hereto as Exhibit "E".

24. Plaintiff VINCENT KHOURY TYLOR also learned in August of 2013, that Defendant began using **"O-08 Waikiki from Top of DiamondHead"** as an image embedded in a print advertisement for Defendant's hotel properties and brand beginning in March of 2013, as follows:

Image **"O-08 Waikiki from Top of DiamondHead"** is used one (1) time in a viewable and downloadable PDF print advertisement at the following Page URL:

http://www.castleresorts.com/files/Castle_MilitaryFlyer_2013AllProp.pdf

This photographic work is being used without obtaining license or consent from Plaintiff VINCENT KHOURY TYLOR; thus violating his exclusive right to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 100 et al. A true and correct copy of "O-08 Waikiki from Top of DiamondHead" registered by Plaintiff VINCENT KHOURY TYLOR, used by Defendants without permission, along with the respective true and correct copy of the screenshot of Defendant's infringing use of this photographic work is shown in Exhibit "E".

25. Plaintiff VINCENT KHOURY TYLOR's eleven (11) copyrighted photographic works at issue, where they are legitimately available, bear his copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each photographic work.

26. Upon information and belief, Defendant intentionally removed or altered Plaintiff VINCENT KHOURY TYLOR's copyright management information from his eleven (11) photographic works at issue for Defendant's uses of those photographic works without his authority or the law because Defendant's uses contained copies of those photographic works at issue with the said copyright management information digitally cropped, which is clearly associated with those photographic works when an internet search of those photographic works is performed using an internet search engine. A true and correct copy of each of Plaintiff VINCENT KHOURY TYLOR's eleven (11) photographic works at issue containing the copyright management information along with Defendant's uses of those photographic works at issue with the copyright management information cropped is shown in Exhibit "C" and Exhibit "E".

27. Upon information and belief, ten (10) of Plaintiff VINCENT KHOURY TYLOR's photographic works at issue, images "A-12-B LaniKai-girl"; "A-14 Tropical Lagoon"; "A-15 Secluded Falls"; "B-02 Punaluu Black Sand Beach"; "B-07 Akaka Falls Hor"; "K-20 Waimea Canyon"; "O-06 Hanauma Bay Wide"; "O-23 Waikiki Dusk"; "S-02 Fire at Shipwrecks"; and, "S-05 Dusk over Kong Mountain" and Plaintiff VINCENT SCOTT TYLOR's "Northwest Maui 06" image posted by Defendant on its Facebook.com commercial web pages (as described in paragraphs 19, 20 and 22) has contributed to widespread distribution of

these photographic works absent Plaintiffs' copyright management information because users who view Defendant's Facebook.com commercial web pages can easily distribute Defendant's postings of the photographic works without Plaintiffs' copyright information among other Facebook.com users by clicking on the "Like" button, "Comment" button or "Share" button associated with these photographic works as they appear on Defendants' Facebook.com commercial web pages. Each "Like," "Comment," or "Share" action by a user causes these photographic works to be distributed to other users or promotes Defendant's Facebook.com commercial web pages as the origin and owner of these photographic works. Furthermore, users can automatically promote Defendant's Facebook.com commercial web pages among other users by clicking the "Like" button associated with that page, effectively advertising Defendant's hotel properties and management company as well as the photographic works at issue absent Plaintiffs' copyright information. Upon information and belief, to date, Defendant's Facebook.com web pages at issue, listed in paragraphs 10 and 11, have been visited by thousands of Facebook.com users and "Liked" by over a thousand users, leading to potentially thousands more Facebook.com users viewing and continually sharing Plaintiffs' photographic works at issue that were initially posted by Defendant absent Plaintiff's copyright management information.

28. Despite the notices of infringements and requests to cease and

desist sent to Defendant in April of 2013, Defendant has not made any attempt to resolve this matter with Plaintiffs and continues to use Plaintiff VINCENT KHOURY TYLOR's photographic works without authorization and absent his copyright management information, constituting willful infringement and intentional violations of the Digital Millennium Copyright Act; thus necessitating legal action.

## FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENTS

29. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-28 as if fully stated herein.

30. Plaintiffs hold all rights, title and interest in the copyrights to the photographic works at issue, the use of which has not been licensed to Defendant.

31. Defendant has misappropriated Plaintiffs' copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendant, Defendant made no attempt to obtain permission or license from anyone, and Defendant continues to engage in unauthorized use and copying of Plaintiff VINCENT KHOURY TYLOR's copyrights by continuing to use his photographic works despite Plaintiffs' request to cease and desist. Defendant's acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

32. Defendant has shown that it intends to continue, unless restrained, to use Plaintiffs' copyrighted photographic works, willfully infringing,

and causing irreparable damage to Plaintiffs for which Plaintiffs have no adequate remedy of law.

33. Defendant's unlawful use of copies of Plaintiffs' original photographic works has diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiffs.

34. Defendant's unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market Plaintiffs' own original photographic works, thereby impairing the value and prejudicing the sale by Plaintiffs of their own photographic works.

35. Plaintiffs are entitled to a preliminary and permanent injunction restraining Defendant from engaging in further acts of copyright infringement.

36. Defendant, by its unauthorized appropriation and use of Plaintiffs' original photographic works, has been and is engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiffs' goodwill and the public acceptance of Plaintiffs' original photographic works.

37. Because Defendant used and continues to use the copyrighted photographic works at issue without license, infringing the exclusive rights of Plaintiffs as the copyright owners, Plaintiffs are entitled to have the infringing

publications and any improperly acquired likenesses or photographic works, however stored or recorded, impounded while this action is pending.

38. As a direct and proximate result of Defendant's wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and damages.

39. Plaintiffs are entitled to recover from Defendant the damages they have sustained as a result of these wrongful and willful acts. Plaintiffs are presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's willful acts of copyright infringement.

40. Plaintiffs are further entitled to recover from Defendant any gains, profits, or advantages Defendant has obtained as a result of its wrongful and willful acts. Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages Defendant has realized by its willful acts of copyright infringement.

41. Plaintiffs are entitled to elect to recover from Defendant statutory damages for each of its past and/or continuing willful violations of Plaintiffs' copyrights.

42. Plaintiffs are further entitled to costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION:
## DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

43. Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-42 as if fully stated herein.

44. Upon information and belief, Defendant has intentionally removed copyright identification information from all eleven (11) of Plaintiff VINCENT KHOURY TYLOR's photographic works used on Defendant's Facebook.com commercial web pages, print brochures and advertisement without the authority of the copyright owner, Plaintiff VINCENT KHOURY TYLOR, or the law, and knowing or having reasonable grounds to know, that the removal would induce, enable, facilitate, or conceal infringements of copyright.

45. Defendant's acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

46. Plaintiff VINCENT KHOURY TYLOR is entitled to a preliminary and permanent injunction to prevent Defendant from engaging in further violations of 17 U.S.C. § 1202.

47. Plaintiff VINCENT KHOURY TYLOR is entitled to recover from Defendant the actual damages suffered by him and any profits Defendant has obtained as a result of its wrongful acts that are not taken into account in computing the actual damages. Plaintiff VINCENT KHOURY TYLOR is presently unable to ascertain the full extent of the profits Defendant has realized by its violations of 17 U.S.C. § 1202.

48. Plaintiff VINCENT KHOURY TYLOR is entitled to elect to recover from Defendant statutory damages for each of its past and/or continuing violations of 17 U.S.C. § 1202.

49. Plaintiff VINCENT KHOURY TYLOR is further entitled to costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR pray:

A. That this Honorable Court enter an injunction preliminarily and permanently enjoining and restraining Defendant and Defendant's directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant from infringing Plaintiffs' copyrighted photographic works and from violating 17 U.S.C. § 1202;

B. That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the image, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C. That Defendant be required to pay such damages as Plaintiffs

have sustained and any profits Defendant has gained in consequence of Defendant's unlawful and willful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c) for Defendant's willful infringements;

D. That Defendant be required to pay costs and reasonable attorneys' fees to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b);

E. That Plaintiffs be granted such other and further relief as this Honorable Court may deem just and proper.

DATED: Honolulu, Hawaii, 8-28, 2013.

J. Stephen Street

J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiffs
VINCENT KHOURY TYLOR and
VINCENT SCOTT TYLOR